**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

RICHARD ALAN DAVIS
ADC #089568                                                                                          PLAINTIFF

v.                                            2:26-cv-00021-BSM-JJV

TAMIA S. ROBINSON,
Correctional Officer,
East Arkansas Regional Unit, ADC, *et al.*                                        DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.    Any party may serve and file written objections to this Recommendation.    Objections should be specific and include the factual or legal basis for the objection.    If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.    Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.    Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Plaintiff Richard Alan Davis is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.    Prior to filing this lawsuit, he accumulated three strikes as defined by 28 U.S.C. § 1915(g).[1]    In the Complaint, Plaintiff says in June 2024, which was eight months before he filed

---

[1] *See Davis v. Kelly,* 5:19-cv-00055-BD (E.D. Ark. Apr. 3, 2019); *Davis v. Westbrook*, 2:21-cv-00038-JM (E.D. Ark. May 4, 2021); *Davis v. Westbrook,* 2:22-cv-00031-JM (E.D. Ark. Dec. 20, 2022).

1

this lawsuit, Defendants: (1) hit him with metal keys; (2) subjected him to inhumane conditions while he was in isolation for seven days; and (3) wrongfully found him guilty of a disciplinary charge.   (Doc. 2.)

On February 18, 2026, I concluded Plaintiff's allegations did not satisfy the imminent danger exception to the three strikes rule in § 1915(g) because nothing in the Complaint suggested he was currently in imminent danger.   *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the three strikes rule to prevent impending harms, not those harms that had already occurred"). Accordingly, I denied Plaintiff's *in forma pauperis* application, gave him twenty-one days to pay the filing fee in full, and cautioned him I would recommend dismissal if he did not timely do so. (Doc. 3.)   Plaintiff has not complied with my instructions, and the time for doing so has expired. Therefore, Plaintiff's Complaint should be dismissed without prejudice.   If Plaintiff wishes to proceed with this action, he must pay the $405 fee in full with his Objections to this Recommendation.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. 2) be DISMISSED without prejudice.

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of March 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

2